1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9

Donnie Ray Franks, Jr.,

No. CV-13-1351-TUC-RM-LCK

10

Petitioner,

**REPORT AND
RECOMMENDATION**

11

v.

12

Charles L. Ryan, et al.,

13

Respondents.

14
15

  Petitioner Donnie Ray Franks, Jr., presently incarcerated at the Arizona State

16

Prison-Manzanita Unit, in Tucson, Arizona, has filed a Petition for Writ of Habeas

17

Corpus pursuant to 28 U.S.C. § 2254. In accordance with the Rules of Practice of the

18

Court, this matter was referred to Magistrate Judge Kimmins for Report and

19

Recommendation.[1] Before this Court are the Petition (Doc. 1) and Respondents' Answer

20

(Doc. 12). The Magistrate Judge recommends that the District Court, after its

21

independent review of the record, deny the petition.

22

## **FACTUAL AND PROCEDURAL BACKGROUND**

23

  Franks was convicted in the Superior Court of Pima County of second degree

24

burglary and theft by control. (Doc. 12, Ex. A.) He was sentenced to 11.25 years

25

imprisonment. (*Id.*, Ex. C.)

26

  The Arizona Court of Appeals, interpreting the facts in the light most favorable to

27

sustaining Franks's convictions, summarized the background facts as follow:

28

---

[1] This case was reassigned to the current judge on May 10, 2016. (Doc. 23.)

> In February 2010, the victim returned home to find an unfamiliar truck in her driveway and Franks closing and wiping off her garage door. Franks looked at her, cursed, and jumped in the back of the truck. Fearing for her safety, the victim moved her car so the truck could leave her driveway. Approximately $20,000 in property had been taken from the victim's home. The truck was registered to Franks and another person.

(*Id.*) The Arizona Court of Appeals affirmed Franks's convictions and sentences. (*Id.* at 5.)

Franks filed a notice for post-conviction relief (PCR). (*Id.*, Ex. H.) After Franks filed a Petition, the PCR court denied relief. (*Id.*, Exs. K, L.) The Court of Appeals granted review but denied relief. (*Id.*, Exs. M, N.) The Arizona Supreme Court denied review. (*Id.*, Exs. O, P, Q.) Franks filed a second notice of PCR and filed a *pro se* Petition. (*Id.*, Exs. S, U, V.) The PCR court denied the petition. (*Id.*, Ex. W.) The Arizona Court of Appeals granted review but denied relief. (*Id.*, Ex. Y.)

## DISCUSSION

Franks raises two claims in his Petition. Respondents contend that Claim 1 is procedurally defaulted. Respondents concede that Claim 2 is properly exhausted and the Court will review it on the merits.

**CLAIM 1**

<u>Principles of Exhaustion and Procedural Default</u>

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may

1    be procedurally defaulted in federal court if it was actually raised in state court but found

2    by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30.

3    Second, a claim may be procedurally defaulted if the petitioner failed to present it in state

4    court and "the court to which the petitioner would be required to present his claims in

5    order to meet the exhaustion requirement would now find the claims procedurally

6    barred." *Coleman*, 501 U.S. at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th

7    Cir. 1998) (stating that the district court must consider whether the claim could be

8    pursued by any presently available state remedy). If no remedies are currently available

9    pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted.

10   *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62

11   (1996).

12       Because the doctrine of procedural default is based on comity, not jurisdiction,

13   federal courts retain the power to consider the merits of procedurally defaulted claims.

14   *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a

15   procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the

16   failure to properly exhaust the claim in state court and prejudice from the alleged

17   constitutional violation, or shows that a fundamental miscarriage of justice would result if

18   the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

19       <u>Analysis of Exhaustion and Procedural Default</u>

20       Franks argues his due process right to a fair and impartial jury was violated.

21   Specifically, that a detective testified at trial that Franks was arrested on outstanding

22   warrants when he had been instructed not to mention Franks's prior convictions.

23       Review of Franks's appellate brief indicates this claim was not fairly presented as

24   a federal constitutional claim on appeal. (Doc. 12, Ex. E.) This conclusion is supported

25   by the Arizona Court of Appeals' determination that Franks's mention of the

26   constitutional issue was insufficient; thus, the court found the federal claim waived based

27   on state law for failure to develop it on appeal. (Doc. 12, Ex. F at 5 n.3.) This claim is

28   procedurally defaulted either because Franks failed to fairly present it (and could not do

1   so now) or because the state court found it defaulted on a state law ground. *See Coleman*,

2   501 U.S. at 729-30, 735 n.1.

3         Regardless, the Court finds the claim has no merit. The appellate court set forth

4   the background of this claim:

5             Before trial, the trial court granted, in part, Franks's motion to
        preclude evidence of his criminal history. On the first day of trial, however,

6       a detective testified that "Tucson Police Department actually picked up
        Donnie Franks on several warrants." The court sustained Franks's

7       immediate objection to the testimony but denied his motion for mistrial,
        stating that the detective's reference to "warrants may mean something

8       totally different to a jury [than indicating Franks had previous
        convictions.]" Franks refused the court's offer to give a limiting instruction.

9
        ….

10

11        The jury here was instructed that it was not to consider evidence when an
        objection to that evidence was sustained.

12  (Doc. 12, Ex. F at 2, 4.)

13        "The admission of evidence does not provide a basis for habeas relief unless it

14  rendered the trial fundamentally unfair in violation of due process." *Johnson v. Sublett*,

15  63 F.3d 926, 930 (9th Cir. 1995) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-69 (1991)).

16  The fact that admission of the evidence may have violated state law is irrelevant to this

17  Court's assessment of the issue. *Jammal v. Van de Kamp*, 926 F.2d 918, 919, 921 (9th

18  Cir. 1991).

19        Here, Franks's criminal history was not referenced during trial. Rather, there was a

20  singular reference to "warrants." No further testimony about the nature of the warrants

21  was introduced. As found by the state court, a jury would not necessarily infer a criminal

22  record based on the detective's statement. Further, the immediate objection was sustained

23  and the jury was instructed to disregard testimony as to which an objection had been

24  sustained. The Court finds this limited testimony, which was not admitted, did not render

25  Franks's trial fundamentally unfair. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1193 (9th Cir.

26  1993) (inadvertent reference to defendant's time in prison, which the jury was instructed

27  to disregard, did not violate due process right to a fair trial).

28

- 4 -

**CLAIM 2**

<u>Legal Standards for Relief under the AEDPA</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a "highly deferential standard for evaluating state-court rulings' . . . demand[ing] that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)). Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The last relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold test under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion

- 5 -

opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Visciotti*, 537 U.S. at 25. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as '"fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based on an unreasonable determination of the facts. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (Miller-El II). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

<u>Merits Discussion</u>

Franks alleges he received ineffective assistance of counsel (IAC) because trial counsel failed to investigate and present a mere presence defense. Franks alleges he had two witnesses, Katie Fought and Whitney Collins, who would have testified that Franks

gave someone named Eddie a ride to pick up his belongings on the night of the burglary, and Franks did not know the person was stealing property.

*Background*

In a pre-trial interview, Whitney Collins stated that, on the night of the burglary, a person named Eddie asked Franks for a ride to pick up his belongings and Franks agreed; Eddie and Franks left together. (Doc. 12, Ex. K, Ex. E at 5.) Katie Fought stated in a pre-trial interview that, on the night of the burglary, Franks agreed to give Eddie a ride and they left together in Franks's truck. (*Id.*, Ex. F at 3.)

Franks raised this claim in a PCR petition. (Doc. 12, Ex. K.) The PCR court denied the claim on the following basis:

> In this case, the crux of Petitioner's argument is that his trial counsel selected the wrong defense in that he went with a defense based on identification when he should have selected a mere presence defense. However, there is a strong presumption that defense counsel's decisions are made for strategic or tactical purposes, *Strickland*, 466 U.S. at 689, and neither current counsel disagreeing with trial counsel's strategy, nor a finding of errors in trial tactics, will support an ineffectiveness claim, as long as the challenged conduct could have had some reasoned basis. *State v. Oppenheimer*, 138 Ariz. 120, 123, 673 P.2d 318, 321 (Ariz. App. 1983).

> Here, there is more than *some* reasoned basis for trial counsel selecting a defense based on identity: Petitioner made a lengthy statement to police post-Miranda, consistently denying that he was at the scene at all, asserting there was no way the victim could have identified him, and suggesting that someone else could have borrowed his truck. In light of Petitioner's statement, trial counsel's decision to not pursue a mere presence defense was a sound strategic decision.

(Doc. 12, Ex. L at 2-3.) The Court of Appeals affirmed, holding that: "[f]or the reasons stated by the [PCR] court, however, it is at least equally plausible trial counsel had chosen the defense strategy based on his evaluation of the case and had recognized that the chosen defense was appropriate in light of the 'very strong' evidence against Franks." (Doc. 12, Ex. N at 2-3.) In ruling on a subsequent PCR petition that raised a similar claim, the court of appeals held that "[a]ny testimony that Franks was merely present would have only contradicted the victim's testimony that he had participated in the burglary." (Doc. 12, Ex. Y at 3.)

*Standard for IAC Claims*

IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Id.* at 687-88.

The inquiry under *Strickland* is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, to satisfy *Strickland's* first prong, deficient performance, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

A petitioner must affirmatively prove prejudice. *Id.* at 693. To demonstrate prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*Analysis*

First, the Court reviews the state courts' factual finding that trial counsel made a strategic decision and assesses whether that finding was objectively unreasonable. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) (citing 28 U.S.C. § 2254(d)(2)). According to Franks, he informed counsel about the possibility of a mere presence defense. Counsel's investigator then conducted pretrial interviews of Fought and Collins. (*See* Doc. 12, Ex. K, Exs. E, F.) Although the witnesses corroborated Franks's statement that he agreed to give Eddie a ride, they had no knowledge of what occurred after Franks and Eddie got into Franks's truck. As cited by the PCR court, in Franks's pretrial interview he repeatedly denied committing the burglary and stated the witness's identification was erroneous. (Doc. 12-2 at 19-33.) Franks also made some equivocal statements in the interview, suggesting that he may have driven Eddie to the victim's home but he thought

Eddie was collecting a debt. (*See*, *e.g.*, *id.* at 28.) In light of this somewhat inconsistent evidence and the possibility of more than one defense, counsel was required to choose a basis on which to defend Franks. It was not objectively unreasonable for the state court to find it was a strategic decision for counsel to select a defense based on identification.

Next, the Court must review the objective reasonableness of the state courts' ruling that counsel's strategic decision fell within reasonable professional judgment under *Strickland*. *See Wood*, 558 U.S. at 302-03 & n.3. Although Franks argues that counsel failed to investigate, he did not acknowledge that a defense investigator interviewed both Fought and Collins. Franks did not identify additional relevant evidence that could have been discovered with further investigation. Additionally, the testimony of Fought and Collins was only marginally supportive of a mere presence defense as they had no knowledge about what occurred after Franks and Eddie drove away. In his pretrial interview, Franks never suggested he drove Eddie to pick up belongings; rather, at one point he suggested Eddie was collecting on a debt. For the bulk of the interview, Franks repeatedly told the police that he did not participate in a burglary and the victim's identification was wrong. It would have been inconsistent with that statement to pursue a defense of mere presence. Additionally, such a defense would have left open accomplice liability while the identification defense selected by counsel held the possibility of complete acquittal. Counsel had some evidence on which to base a misidentification defense because Franks weighed 150 pounds and was 38 years old, and the victim described the person she saw as being in his early twenties and weighing 180 pounds. (Doc. 12-5 at 17, 37-38, 58.) Also, there was some conflict regarding how well the victim saw the person's face before he pulled up his sweatshirt hood. (*Id.* at 13, 16, 37.) In sum, it was not objectively unreasonable for the state court to find that trial counsel's actions were within reasonable professional judgement.

The evidence against Franks was quite strong – his truck was present at the burglary and the victim readily identified him as the person that closed and wiped down

her garage door. Thus, there is not a reasonable probability that presenting a mere presence defense would have changed the outcome of trial.

Because Franks fails to establish either prong under *Strickland*, it was not objectively unreasonable for the PCR court to deny this claim.

## CONCLUSION AND RECOMMENDATION

Claim 1 is procedurally defaulted and without merit. Claim 2 is without merit. Therefore, the Magistrate Judge recommends the District Court dismiss the petition.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 13-1351-TUC-RM**.

Dated this 16th day of June, 2016.

Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 10 -